UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AKEEM MUHAMMAD,

    Plaintiff,

v.                                  Case No: 2:15-cv-96-FtM-29DNF

GEORGE SAPP, D. A. COLON, R. J. POCCIA, WENDEL WHITEHURST, JAMES UPCHURCH, SECRETARY, DOC, RANDALL BRYANT, WALTER MCNEIL, and JAMES MCDONOUGH, in his official capacity,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Vacate Judgment (Doc. 8, filed June 12, 2015). Plaintiff complains that he "did not voluntarily initiate this action" and "should not have to acknowledge that he initiated this action or be accused of perjury if he doesn't list this action as one that he previously initiated." Id. at 2-3. For the reasons set forth in this Order, Plaintiff's motion is **DENIED**.

I. **Background**

On February 12, 2015, Plaintiff filed a motion in Middle District of Florida Case Number 2:07-cv-740-Ftm-36DNF ("Case One") in which he sought relief under Rules 60(b)(5) and (6) of the

Federal Rules of Civil Procedure (Case One at Doc. 201).¹ On the same day, Plaintiff filed a pleading entitled "Amended Complaint and Request for Injunction" in the same case. <u>Id.</u> at Doc. 202.

Upon review of the amended complaint, the magistrate judge noted that Case One had been closed since 2010 and that on November 1, 2012, the Eleventh Circuit Court of Appeal had affirmed the district court's grant of summary judgment in favor of the defendants (Case One at 203). The magistrate judge also concluded that, to the extent Plaintiff sought relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, the motion was untimely. <u>Id.</u> Because Plaintiff specifically stated in the motion that "only prospective relief is sought" and that "the parties would start afresh from the amended complaint onwards," the magistrate judge ordered a new case opened with Plaintiff's proposed amended complaint as the operative pleading. <u>Id.</u>

On February 13, 2015, the instant case file was opened with Middle District of Florida case number 2:15-cv-96-JES-DNF ("Case Two"). Plaintiff did not move for voluntary dismissal of the case. Almost four months later, the case was dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), the Prison Litigation

---

¹ In Case One, the defendants were granted summary judgment on August 26, 2010 (Case One at Doc. 169). The Eleventh Circuit affirmed in a written opinion. <u>Id.</u> at 196.

Reform Act's "three-strikes" rule (Doc. 6).[2] The Court specifically noted:

> A pacer search reveals that as of June 1, 2015, plaintiff has filed approximately 13 civil actions in the United States District Court for the Middle District of Florida; 6 civil actions in the United States District Court for the Northern District of Florida; and 1 civil action in the United States District Court of the Southern District of Florida.

(Doc. 6 at 2). Plaintiff was advised that he could initiated a new civil rights action by filing a new complaint form and paying the full filing fee at the time of filing. Id. at 3.

**II. Analysis**

Despite labeling his motion in Case One as brought pursuant to Rule 60(b), it is clear that Plaintiff did not actually seek reconsideration of the Court's prior order dismissing his RLUIPA claims. To the contrary, Plaintiff asserted that the Department

---

[2] The Prison Litigation Reform Act contains the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

of Corrections *continued* to force him to shave and that new standards set by the United States Supreme Court in Holt v. Hobbs, 135 S. Ct. 853 (2015) would now justify relief on his new claims.[3] Plaintiff's attempt to "re-open" his eight-year-old case by filing completely new claims therein was merely an attempt to circumvent the three-strikes provision of 28 U.S.C. § 1915(g) and avoid paying his filing fee.  The magistrate correctly concluded that Plaintiff sought to raise new claims and correctly ordered the Clerk to open a new case.  It is therefore **ORDERED** that Plaintiff's motion to vacate judgment (Doc. 8) is **DENIED**.

    **DONE** and **ORDERED** in Fort Myers, Florida on this __6th__ day of October, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record

---

[3] The plaintiff in Holt was an Arkansas Department of Corrections ("ADOC") inmate, housed in an Arkansas prison. Holt, 135 S. Ct. at 859. The inmate was Muslim and filed a lawsuit against ADOC, claiming that ADOC's grooming policy prevented him from growing a half-inch beard in accordance with his religious beliefs. *Id.* The Court held that ADOC's grooming policy violated RLUIPA because it burdened the inmate's exercise of religion and ADOC failed to show that the policy was the "least restrictive means of furthering its compelling interests." Id.